1 | TRINETTE G. KENT (State Bar No. 222020)
2 | 3219 E Camelback Rd, #588
3 | Phoenix, AZ 85018
  | Telephone: (480) 247-9644
4 | Facsimile: (480) 717-4781
5 | E-mail: tkent@kentlawpc.com

Of Counsel to:
CREDIT REPAIR LAWYERS OF AMERICA
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

Attorneys for Plaintiff,
*Rosalyn Reed a.k.a.*
*Rosalyn Denise Reed*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Rosalyn Reed a.k.a.<br>Rosalyn Denise Reed,<br><br>    Plaintiff,<br><br>vs.<br><br>NCB Management Services, Inc.,<br>a foreign corporation,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**FOR VIOLATIONS OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, ROSALYN REED A.K.A. ROSALYN DENISE REED, BY AND THROUGH COUNSEL, TRINETTE G. KENT and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), 15 U.S.C. §1692k(d), Cal. Civ. Code §1788.30(f) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Palmdale, Los Angeles County, California.

3. Venue is proper in the Central District of California.

## PARTIES

4. Plaintiff is a natural person residing in the City of Palmdale, Los Angeles County, California.

5. The Defendant to this lawsuit is NCB Management Services, Inc., a foreign corporation that conducts business in the State of California.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed to a third party in the amount of $ 3,653.00 (the alleged "Debt").

7. Plaintiff disputes the alleged Debt.

8. Sometime prior to August of 2020, Plaintiff obtained her Trans Union credit report and noticed that Defendant reported the alleged Debt as a collection item. Plaintiff then disputed the collection item.

9. On July 12, 2020, Plaintiff obtained her Trans Union credit disclosure and noticed that Defendant reported the collection item with a remark that stated, "Dispute resolved."

10. Defendant failed or refused to report its collection item as disputed, in violation of the FDCPA.

11. On or about August 4, 2020, Plaintiff submitted a letter to Defendant, disputing the collection item once again.

12. In her dispute letter, Plaintiff alleged that she previously disputed the collection item. She also stated that the dispute was not resolved by Defendant. Accordingly, Plaintiff maintained that she still disputed the alleged Debt.

13. On October 9, 2020, Plaintiff obtained her Trans Union credit report and noticed that Defendant last reported the collection item to Trans Union on September 16, 2020, and failed or refused to flag it as disputed, in violations of the FDCPA.

14. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

15. Defendant had more than ample time to instruct Trans Union to flag its trade line as disputed.

16. Defendant's inaction to have its trade line on Plaintiff's credit report flagged as disputed was either negligent or willful.

17. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to Defendant's failure to properly report the associated collection item.

## COUNT I - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged Debt violated 15 U.S.C. §1692e by using false or misleading representations by failing to flag its collection item as disputed.

4

23. Plaintiff has suffered harm and damage at the hands of Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as Plaintiff, by Congress.

24. Defendant's failure to flag its collection item as disputed on Plaintiff's consumer credit files is humiliating and embarrassing to Plaintiff, as it creates a false impression to users of her credit report that she has simply ignored this debt when, in fact, she disputes its validity.

25. As direct and proximate cause of Defendant's failure to flag its collection item as disputed, Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.* ("ROSENTHAL ACT")

26. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

27. Plaintiff is a "person" as defined by Cal Civ. Code § 1788.2(g).

28. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

29. Defendant is a "person" as the term is defined by Cal Civ. Code § 1788.2(g).

30. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

31. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

32. Defendant's foregoing acts in attempting to collect this alleged Debt violated the following provisions of the Rosenthal Act:

    a. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

33. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

34. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the Rosenthal Act.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against Defendant:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F.  Punitive damages; and

G.  Such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  March 18, 2021

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Rosalyn Reed a.k.a Rosalyn Denice Reed